ASSOCIATES INVESTMENT COMPANY *v.* PIPPIN.

4-8529                                                    211 S. W. 2d 887

Opinion delivered June 7, 1948.

*Fletcher Long,* for appellant.

*O. H. Hargraves,* for appellee.

SMITH, J.   While in the armed service of the government near Waco, Texas, William H. Pippin bought a second-hand Buick automobile.   The sale was evidenced by a written contract which recited a cash payment of $250 and a balance of $511.80.   This balance was payable in monthly installments of $42.65, and the contract recited that upon failure to make any payment when due, the balance then due should be immediately payable, and that the vendor should have the right to take possession of the car, as the title thereto had been reserved until all payments were made.   The contract provided that it might be assigned and that the assignee should have all the rights reserved by the seller.   The contract was duly assigned to appellant Associates Investment Company, who brought this suit to recover possession of the car after Pippin had made default in three consecutive payments.

Through its office in Memphis, Tennessee, a car was located by appellant in Forrest City, which appellant

alleged was the car to which it had a' title retaining contract, and J. T. Howard, its representative from Memphis, was sent to Forrest City to make collection, or to secure possession of the car. A sales contract had been sent to Howard, and he located the car which Pippin had left in the garage of appellee Kinzer for extensive repairs, which were made. Demand for possession of the car was refused unless the repair bill amounting to $366.32 was paid, and this suit was brought to recover possession of the car.

There was a trial before a jury and a verdict was returned in favor of appellee, and from the judgment pronounced upon that verdict is this appeal.

It is conceded that the case was submitted to the jury under correct instructions. Indeed, the only question in the case is the one of fact, the identity of the car.

Howard, appellant's agent, had no means of identifying the car except by comparison with the sales contract which described the car as a used, 1937 Buick, whose motor number was 43314561. Testimony was offered that each car had a motor number and that no two cars of the same make had the same number, and that a plate was placed on each motor containing its number and that this was done for purposes of identification.

It is undisputed that the car in question did not have that motor number, but had a different one, and it is insisted that this discrepancy made a question of fact as to whether the car here in question was the car to which appellant had the title retaining contract.

This would ordinarily be true, but we think the undisputed testimony established the identity of the car in suit as the car which Pippin had bought in Texas. In his deposition Pippin testified that he did not know whether the car in suit was the car which he had bought or not, but he exhibited a "Certificate of Title" to a motor vehicle which had been issued to him by the State Highway Department of Texas, dated December 31, 1946. This certificate contained the following recitals:

"The said motor vehicle is subject to the following liens. First in favor of A. I. C. Date, Dec. 11, 1946. Address, 601 Franklin Street, City, Waco, State, Texas. Amount, $511.80. License No. E. L. 1176, Reg. weight 3600."

The sales contract was dated December 11, 1946, and it recited the balance due was $511.80. There was no testimony as to the number of the license plate on the car.

Appellee testified that he had seen Pippin driving the car before it was brought to his garage for repairs, and that new parts were required and extensive repairs were made at Pippin's direction.

Pippin testified: "I don't definitely know that the car the plaintiff is claiming is the one I bought, because I went back to the army after I left it to be fixed. I could not swear that it was the same car that was delivered to me," but he further testified that the car in which he drove from Texas to Forrest City is the car for which he contracted liability under the sales contract, and that he had not kept up his payments, and that he had bought no other car.

Reversal of the judgment in favor of appellee is asked upon the ground that the verdict is contrary to the undisputed testimony, and we think it is. The question presented is not one of the preponderance of the testimony, but is rather whether there is any substantial testimony to support the verdict. Except only for the discrepancy in the motor number, there is no testimony which leaves any doubt about the identity of the car Pippin bought in Texas and he took the one he bought to appellee's shop for repairs.

The judgment must therefore be reversed and the cause will be remanded for further proceedings in accordance with this opinion inasmuch as appellee executed a bond for the retention of the car.